UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 MAR 21  A 10: 39

| | | |
|---|---|---|
| David Lamont Brown, | ) | C/A No. 9:07-603-JFA-GCK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Greenwood Judge Tunstall; | ) | |
| Major Phillip C. Anderson; | ) | |
| Captain Sharon Middleton; | ) | |
| Lieutenant Linda Butler; | ) | |
| Sheriff Chad Cox; | ) | |
| Sheriff Dan Wideman; and | ) | **Report and Recommendation** |
| Greenwood Clerk of Court, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, David Lamont Brown (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Greenwood County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges he was denied access to the Greenwood County Family Court and seeks monetary damages. The Complaint should be dismissed against Defendants Greenwood Judge Tunstall (Tunstall) and Greenwood Clerk of Court for failure to state a claim upon which relief may be granted. The Complaint should be served upon the remaining Defendants.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Background

Plaintiff states that he was incarcerated on July 27, 2006. In November 2006, Plaintiff was served with an "affidavit" to appear before the Greenwood County Family Court on December 7, 2006. Plaintiff claims that Defendants Anderson, Middleton, Butler, Wideman, and Cox refused to have Plaintiff transported to the Family Court on December 7th. As a result of his failure to appear, Plaintiff apparently received a bench warrant issued by Defendant Tunstall. Plaintiff states "because of this bench warrant I was sentence [sic] to 6 months day for day". Plaintiff indicates he wrote a letter to Defendant Greenwood Clerk of Court requesting an appeal of his sentence, but received no reply.

Discussion

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are in a unified judicial system. *See* S.C. CONST. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142 (1975). As South Carolina Family Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two



Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Defendant Tunstall is absolutely immune from Plaintiff's claim for damages for the issuance of, and subsequent refusal to lift, a bench warrant. Therefore Defendant Tunstall is entitled to summary dismissal.

The Defendant Greenwood Clerk of Court is also immune from suit. Clerks of Court, though elected by the voters of a county, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 24; S.C. Code Ann. §§ 14-1-40, 14-17-10. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'"  *Kincaid v. Vail*, 969 F.2d 594, 601(7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972) which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). Plaintiff alleges that Defendant Greenwood Clerk of Court failed to respond to his letter requesting an appeal on his bench warrant "sentencing". As Plaintiff's claims appear to be based on the manner in which the Greenwood Clerk of Court performs official duties, Defendant Greenwood Clerk of Court is protected by the doctrine of quasi-judicial immunity.

Plaintiff is proceeding under 28 U.S.C. § 1915, and seeks monetary relief against two Defendants who are immune from such relief. Thus, Defendants Tunstall and Greenwood Clerk of Court are entitled to summary judgment and the Complaint against them should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process against Defendants Tunstall and Greenwood Clerk of Court. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. Service is recommended for the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

March **21** , 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).